# IN THE SUPREME COURT OF TEXAS

════════════
No. 13-0014
════════════

CARDIAC PERFUSION SERVICES, INC. AND MICHAEL JOUBRAN, PETITIONERS,

v.

RANDALL HUGHES, RESPONDENT

════════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FIFTH DISTRICT OF TEXAS
════════════════════════════════════════════════════

**PER CURIAM**

In this case the trial court concluded based on jury findings that Michael Joubran, an officer, director, and majority shareholder of Cardiac Perfusion Services, Inc. (CPS), engaged in "oppressive conduct to the rights of [Randall] Hughes," a minority shareholder. The court ordered Joubran and CPS to buy out Hughes's shares for $300,000, the amount the jury found to be their "fair value." The Dallas Court of Appeals affirmed. In *Ritchie v. Rupe*, ___ S.W.3d ___ (Tex. 2014), this Court declined to recognize a common-law cause of action for shareholder oppression and concluded that the only statutory remedy for "oppressive" actions is a rehabilitative receivership. We therefore reverse in part and affirm in part the court of appeals' judgment, and we remand to the trial court in the interest of justice.

Joubran founded CPS and hired Hughes as his first employee. A year later, Joubran, as the sole shareholder, voted to offer Hughes 10% of CPS's total shares for $25,000. Hughes accepted the offer and purchased the shares, and the parties entered into a written buy-sell agreement. The buy-sell agreement restricted the sale or transfer of any shares and required each shareholder to purchase the other shareholder's shares upon "the severance of [that] shareholder's employment relationship with [CPS]," with the price to be calculated using the shares' book value as of the preceding fiscal year. A dispute later arose between the parties, and Hughes's employment with CPS terminated in August 2006.

The day after Hughes's employment terminated, CPS and Joubran sued Hughes for breach of fiduciary duties and for tortious interference with a contract, and also requested declaratory relief in the form of an order declaring that (1) the buy-sell agreement governed Joubran's obligation to purchase Hughes's shares, and (2) the amount Joubran owed to Hughes for the purchase of his stock should be reduced by the damages that Hughes's wrongful conduct caused to CPS. Hughes filed counterclaims against Joubran alleging (1) breach of fiduciary duties "as officer and director" of CPS, and (2) breach of fiduciary duty "as majority shareholder." Hughes alleged that Joubran "engaged in oppressive conduct toward Hughes[] and unfairly squeezed Hughes out of [CPS]," and requested that the court require CPS to buy out his shares for their fair value as of the date Joubran "wrongfully squeezed Hughes out of the corporation."

On Joubran's and CPS's claims for affirmative relief, the jury found that Hughes did not tortuously interfere with any contract or breach any fiduciary duties. With regard to Hughes's counterclaim against Joubran for breach of fiduciary duties, the jury found that no relationship of

2

trust and confidence between Joubran and Hughes that would support the existence of any "informal" fiduciary duties.[1] The jury did find, however, that Joubran (1) suppressed payment of profit distributions to Hughes, (2) paid himself excessive compensation from CPS's corporate funds, (3) improperly paid his family members using CPS funds, (4) improperly used CPS funds to pay his personal expenses, (5) wrongfully used his control of CPS to lower the value of Hughes's stock, and (6) refused to let Hughes examine CPS's books and records. The jury also found that the fair value of Hughes's shares was $300,000.

Based on the jury's findings, the trial court issued findings of fact and conclusions of law in which it concluded that Joubran engaged in "oppressive conduct to the rights of Hughes." The court concluded that Joubran was not entitled to a declaration of his right to purchase Hughes's shares for "book value" under the buy-sell agreement, and instead, as an equitable remedy, ordered Joubran to buy out Hughes's shares for their "fair value" of $300,000. The final judgment ordered that CPS and Joubran take nothing on their claims against Hughes, that Hughes take nothing on his claim against Joubran for breach of fiduciary duties, and that, as an equitable remedy for oppressive conduct, Joubran and CPS redeem Hughes's shares for $300,000. The court also awarded Hughes prejudgment interest, postjudgment interest, and attorney's fees. The court of appeals affirmed.

---

[1] As the court of appeals correctly acknowledged in this case, this Court has never recognized a formal fiduciary duty between a majority and minority shareholder in a closely held corporation. An informal fiduciary duty "arises separate and apart from business relationships." *See Ritchie*, ___ S.W.3d at ___ n.27 (citing *Meyer v. Cathey*, 167 S.W.3d 327, 330–31 (Tex. 2005)) ("Informal fiduciary duties 'arise from "a moral, social, domestic, or purely personal relationship of trust and confidence."' . . . Informal fiduciary duties are not owed in business transactions unless the special relationship of trust and confidence existed prior to, and apart from, the transaction(s) at issue in the case.").

We need not reach the issue of whether the evidence is legally sufficient to support the jury's findings and the trial court's conclusion that Joubran engaged in oppressive conduct because, even if he did, Texas law does not authorize the buy-out order as a remedy. In *Ritchie*, we clarified that a claim for shareholder oppression is only available under section 11.404 of the Texas Business Organizations Code, and that the only remedy available under that statute is a rehabilitative receivership. ___ S.W.3d at ___.

Because a buy-out order is not available under a common-law claim for shareholder oppression or under the receivership statute, and because no alternative claim supports the trial court buy-out order, we reverse that part of the trial court's judgment. However, "[w]e have broad discretion to remand for a new trial in the interest of justice where it appears that a party may have proceeded under the wrong legal theory." *Boyles v. Kerr*, 855 S.W.2d 593, 603 (Tex. 1993); *see also id.* ("Remand is particularly appropriate where the losing party may have presented his or her case in reliance on controlling precedent that was subsequently overruled."). When we declined in *Ritchie* to follow the Texas courts of appeals' decisions recognizing a common-law cause of action for shareholder oppression, we did so in part because of the adequacy of other existing legal protections. ___ S.W.3d at ___. We noted that a minority shareholder in a closely held corporation may recover equitable relief, in some cases individually as well as on behalf of the corporation, through a derivative action for breach of fiduciary duties under section 21.563(c) of the Business Organizations Code. *See id.* at ___ ("[T]he Legislature has enacted special rules to allow its shareholders to more easily bring a derivative suit on behalf of the corporation, . . . [a]nd when justice requires, the court may treat a derivative action on behalf of a closely held corporation 'as a

direct action brought by the shareholder for the shareholder's own benefit,' and award any recovery directly to that shareholder."); *see also* TEX. BUS. ORGS. CODE § 21.563(c). Although we express no opinion on whether Hughes may successfully pursue such a claim under the facts of this case, justice requires that we remand to provide him an opportunity to do so.

Accordingly, we grant the petition for review and, without hearing oral argument, affirm in part and reverse in part the court of appeals' judgment, and remand the case to the trial court for further proceedings. *See* TEX. R. APP. P. 59.1. The court of appeals affirmed the trial court's judgment on Joubran's and CPS's claims against Hughes for tortious interference and breach of fiduciary duties and on Hughes's claim for breach of "informal" fiduciary duties. No party has challenged those holdings, and we affirm those parts of the court of appeals' judgment. We reverse the part of the court of appeals' judgment affirming the trial court's buy-out order and denial of Joubran's and CPS's request for declaratory judgment, and in the interest of justice, we remand the case for further proceedings consistent with this opinion.

OPINION DELIVERED: June 27, 2014