# IN THE SUPREME COURT OF TEXAS

═══════════

No. 18-0678

═══════════

CAROWEST LAND, LTD., PETITIONER,

v.

CITY OF NEW BRAUNFELS, TEXAS AND Y.C. PARTNERS, LTD.,
D/B/A YANTIS COMPANY, RESPONDENTS

═══════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE THIRD DISTRICT OF TEXAS

═══════════

**PER CURIAM**

JUSTICE HUDDLE did not participate in the decision.

In this infrastructure-development dispute, Carowest Land, Ltd. sued the City of New

Braunfels, seeking declaratory relief against the City for violations of the Open Meetings Act and

the contract-bidding provisions of Local Government Code Chapter 252. *See* 432 S.W.3d 501, 511

(Tex. App.—Austin 2014, no pet.) ("*Carowest I*").[1] The trial court denied the City's jurisdictional

plea based on governmental immunity. On interlocutory appeal, the court of appeals affirmed,

---

[1] The Open Meetings Act requires that government meetings, as defined within the Act, be publicly noticed and that they be publicly held. *See* TEX. GOV'T CODE §§ 551.001–.146. The Act specifies that "[a]n interested person . . . may bring an action by mandamus or injunction to stop, prevent, or reverse a violation or threatened violation of this chapter by members of a governmental body." *Id.* § 551.142(a). "An action taken by a governmental body in violation of [the Act] is voidable." *Id.* § 551.141. Chapter 252 of the Local Government Code requires, among other things, that a municipality award a contract to the "lowest responsible bidder." *Id.* § 252.043(a). "If the contract is made without compliance with [Chapter 252], it is void and the performance of the contract, including the payment of any money under the contract, may be enjoined." *Id.* § 252.061 ("Injunction").

permitting Carowest's declaratory-judgment claims to proceed. *Id.* at 532–34 (holding that "the district court did not err in overruling the City's plea as to Carowest's declaratory claims regarding [T]OMA violations" and that it "did not err in . . . denying the City's plea to the jurisdiction as to Carowest's declaratory claim" under Chapter 252). Carowest tried its claims against the City and a developer before a jury and prevailed. Based on the jury's findings, the trial court awarded Carowest declaratory relief and attorney's fees.

The City appealed—this time joined by the developer, Y.C. Partners, Ltd. Again, the City argued that governmental immunity bars Carowest's claims for declaratory relief. Reversing course, this time the court of appeals agreed. It held that the City is immune from Carowest's claims for declaratory relief because the Open Meetings Act limits recovery for violations of the Act to injunctive and mandamus relief. 549 S.W.3d 163, 173 (Tex. App.—Austin 2017) ("*Carowest II*"); *see* TEX. GOV'T CODE § 551.142(a) ("An interested person . . . may bring an action by mandamus or injunction to stop, prevent, or reverse a violation or threatened violation of this chapter by members of a governmental body."). Similarly, Chapter 252 provides for injunctive—not declaratory—relief. *Carowest II*, 549 S.W.3d at 173*; see* TEX. LOC. GOV'T CODE § 252.061 ("If the contract is made without compliance with [Chapter 252], it is void and the performance of the contract, including the payment of any money under the contract, may be enjoined."). Relying on this Court's intervening decision in *Zachry Construction Corp. v. Port of Houston Authority*, the court of appeals reasoned that "the types of relief expressly made available by statute operate as the boundaries for a statute's waiver of immunity." *Carowest II*, 549 S.W.3d at 172–73 (citing *Zachry*, 449 S.W.3d 98, 109–10 (Tex. 2014)). Because neither the Open

2

Meetings Act nor Chapter 252 affords declaratory relief, the court of appeals concluded, the Legislature has not waived immunity for Carowest's declaratory-relief claims. *Id.* at 173.

Last term, in *Town of Shady Shores v. Swanson*, we confirmed that the Open Meetings Act confines the Legislature's waiver of immunity to those forms of relief that the statute expressly affords. 590 S.W.3d 544, 554–55 (Tex. 2019) (holding that the Town retained its immunity from suit because the Open Meetings Act does not waive governmental immunity for declaratory-judgment claims). In *Swanson*, we remanded the case to the trial court to consider the plaintiff's alternative request for injunctive relief. *Id.* at 546, 556. We also expressly approved of the court of appeals' holding in *Carowest II*. *Id.* at 553–54. Having approved of the court of appeals' holding, we denied Carowest's petition for review. 63 TEX. SUP. CT. J. 155, 155–56 (Dec. 13, 2019).

Carowest moved for rehearing, asking that we remand this case for further proceedings as we did in *Swanson*. Because Carowest relied on the court of appeals' holding in *Carowest I* that declaratory relief was available—when it was not—and the Open Meetings Act and Chapter 252 afford alternative relief to consider, we grant rehearing. We remand the case to the trial court for further proceedings in the interest of justice.

In *Swanson*, this Court held that "the Open Meetings Act does not waive governmental immunity from suit for [declaratory-judgment] claims as a matter of law." 590 S.W.3d at 554–55 ("The Open Meetings Act . . . contains a clear and unambiguous waiver of immunity from suits seeking injunctive and mandamus relief. But while the Legislature has expressly authorized a suit for declaratory judgment against the government in other statutes, it has not done so in the Open Meetings Act. Thus, the Open Meetings Act's clear and unambiguous waiver of immunity does not extend to suits for declaratory relief." (citations omitted)). We "agree[d]" with the *Carowest II*

court's application of *Zachry* that the Open Meetings Act's waiver of immunity is limited to that relief expressly provided for in the Act. *Id.* at 553–54 (citing *Zachry*, 449 S.W.3d 106–08). We acknowledged, however, that our holding was not a foregone conclusion because "this Court has affirmed or rendered declaratory judgments premised on violations of the Open Meetings Act." *Id.* at 555. *Shady Shores* also resolved a split among the courts of appeals. *Id.* at 549. Thus, it clarified an uncertain area of the law. *Shady Shores* settled the open and disputed question of whether governmental immunity is waived beyond the forms of relief expressed within a statute that authorizes that waiver.

When the court of appeals decided *Carowest I*, our Court had not addressed that issue. In pursuing declaratory relief, Carowest relied on *Carowest I*, in which the court of appeals held in broad language that jurisdiction existed for Carowest's declaratory-relief claims. *Carowest I*, 432 S.W.3d at 532, 534.[2]

The "most compelling case" for a remand in the interest of justice "is where we overrule existing precedents on which the losing party relied at trial." *Westgate, Ltd. v. State*, 843 S.W.2d 448, 455 (Tex. 1992) (compiling cases). Accordingly, we have remanded cases in which we have overruled or substantially clarified existing law. *See Hamrick v. Ward*, 446 S.W.3d 377, 385 (Tex. 2014) (remanding in the interest of justice "in light of our clarification of the law"); *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 13, 26 (Tex. 1994) (remanding because the Court's opinion represented a "substantial clarification" of the law). In *Amarillo Oil Co. v. Energy–Agri Products,*

---

[2] The court of appeals acknowledged that it had changed the law of the case in *Carowest II*, noting: "[A]fter we issued our opinion in *Carowest I*, the Texas Supreme Court delivered its opinion[] in *Zachry Construction* . . . . 'As an intermediate appellate court, we are not free to mold Texas law as we see fit but must instead follow the precedents of the Texas Supreme Court.'" *Carowest II*, 549 S.W.3d at 174–75 (quoting *Petco Animal Supplies, Inc. v. Schuster*, 144 S.W.3d 554, 565 (Tex. App.—Austin 2004, no pet.)).

*Inc.*, for example, we remanded in the interest of justice because the injunction the plaintiff sought was not an available remedy, but we had not resolved "the conflicting lines of cases as to whether injunctive relief should be allowed"; thus, our decision "clarified the law." 794 S.W.2d 20, 27–28 (Tex. 1990).

In opposing rehearing, the City contends that "any time a plaintiff finds any appellate opinion that might support its claims, it can assert some sort of reliance that would justify claims for which there actually is no jurisdiction." Our holding, however, does not turn on just "any appellate opinion"; rather, the court of appeals *in this case* cleared the way for Carowest's declaratory-judgment claims to proceed. The court then reversed its decision following a jury trial.

In joining the City's opposition to rehearing, Y.C. Partners contends that Carowest did not reasonably rely on *Carowest I* in continuing to assert its declaratory-judgment claims. Y.C. Partners notes that Carowest had also pleaded a request for injunctive relief, a claim for which immunity is waived under the Open Meetings Act. But in expressly permitting the declaratory-judgment claim to proceed, the court of appeals did not pin its jurisdictional holding in *Carowest I* to a claim for injunctive relief. *Carowest I*, 432 S.W.3d at 531–34.

Finally, citing *Patel v. Texas Department of Licensing & Regulation*, 469 S.W.3d 69 (Tex. 2015), the City and Y.C. Partners observe that the court of appeals alternatively held that Carowest's declaratory-judgment claims are barred as redundant remedies. *Carowest II*, 549 S.W.3d at 173 (citing *Patel*, 469 S.W.3d at 79 ("[C]ourts will not entertain an action brought under the [Uniform Declaratory Judgments Act] when the same claim could be pursued through different channels.")). They argue that this holding affords an independent basis for denying Carowest's petition for review. The court of appeals' holding in *Carowest II*, however, is contrary to its initial

5

decision in *Carowest I* allowing the claims to proceed and cites interceding caselaw; thus, it is not an independent basis to deny a remand here, where the governing statutes afford alternative remedies.

\* \* \*

We express no opinion whether Carowest may successfully pursue the relief expressly afforded under the Open Meetings Act and Chapter 252, but "justice requires that we remand to provide [it] an opportunity to do so." *Cardiac Perfusion Servs., Inc. v. Hughes*, 436 S.W.3d 790, 792 (Tex. 2014) (per curiam); TEX. R. APP. P. 60.3 ("[T]he Supreme Court may, in the interest of justice, remand the case to the trial court."). Accordingly, we grant Carowest's motion for rehearing, grant its petition, and, without hearing oral argument, TEX. R. APP. P. 59.1, vacate the court of appeals' judgment. We remand the case to the trial court for further proceedings under Chapter 252 and the Open Meetings Act.

OPINION DELIVERED:  November 20, 2020